UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00071-RJC-DCK

| | |
|---|---|
| KEISHA NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SETERUS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 6).

I.  **BACKGROUND**

Pro se Plaintiff Keisha Nelson ("Plaintiff") initiated this action by filing her Complaint on February 10, 2016. (Doc. No. 1). Plaintiff's Complaint asserts claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the North Carolina Fair Debt Collection Practices Act, N.C. Gen. Stat. § 58-70, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1. (Id.).

On March 14, 2016, Defendant filed its Motion to Dismiss. (Doc. No. 6). As of May 3, 2016, Plaintiff had failed to respond to the Motion; therefore, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of her right to respond and gave her an additional fourteen days to file her response. (Doc. No. 8). The Order warned Plaintiff "that failure to respond may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint." (Id.). Despite the Court's warning, and despite having been given additional time within which to respond, Plaintiff has failed to respond to Defendant's Motion to Dismiss,

and the time for doing so has expired. Defendant's Motion to Dismiss is now ripe for adjudication.

## II. DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim challenges the legal sufficiency of a complaint. When considering such a motion, a court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff, therefore, must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Although courts must liberally construe pro se complaints, Erickson v. Pardus, 551 U.S. 89, 94 (2007), threadbare recitals of the elements of a cause of action and mere conclusory statements with insufficient factual allegations, even when asserted by a pro se plaintiff, will not suffice for a claim to survive a motion to dismiss pursuant to Rule 12(b)(6). Iqbal, 556 U.S. at 678.

Furthermore, Federal Rule of Civil Procedure 8(a)(2) also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 555).

Defendant's pending Motion seeks dismissal pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). (Doc. No. 7 at 1–2). The Court finds Defendant's Motion to be persuasive. Specifically, the Court finds that the Complaint contains only conclusory allegations and

unsupported recitations of various statutory provisions. Even liberally construed, Plaintiff's Complaint does not assert any plausible claim. Consequently, the Court finds that Plaintiff's Complaint falls short of the minimum pleading requirements of Rule 8 and that it fails to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss will be granted and Plaintiff's Complaint shall be dismissed with prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**; and

3. The Clerk of Court is directed to close this case.

Signed: June 14, 2016

Robert J. Conrad, Jr.
United States District Judge